# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No. 1:15-cv-00691-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| SATF PRISONS AD-SEG PROPERTY OFFICERS, et al., | (Doc. 14) |
| Defendants. | |

Plaintiff Christopher Lipsey, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2015. On October 29, 2015, Plaintiff filed a motion seeking a temporary restraining order and a preliminary injunction requiring prison officials to process his inmate appeals, which he alleges have been erroneously rejected, cancelled, or screened out since his arrival at California State Prison-Corcoran on September 11, 2014.[1] In the alternative, Plaintiff seeks a determination that prison officials have waived the affirmative defense of failure to exhaust.

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact,

---

[1] The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).  This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

The pendency of this action, which arises out of the alleged loss of property, denial of equal protection, and denial of access to the courts arising from events at California Substance Abuse Treatment Facility and State Prison in 2012 and at California State Prison-Corcoran in 2014, does not provide Plaintiff with standing to seek relief related to the processing of his inmate appeals. *Summers*, 555 U.S. at 493; *Lujan*, 504 U.S. at 560-61; *Mayfield*, 599 F.3d at 969.  Failure to exhaust the inmate appeals process is an affirmative defense and to the extent Plaintiff believes he was wrongfully prevented from exhausting the process, that issue becomes relevant to this case only if prison officials file a motion to dismiss or for summary judgment raising the defense. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014) (citing *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007)).  At that juncture, Plaintiff's recourse will be to file an opposition to the defendants' motion setting forth his argument that he was wrongfully prevented from exhausting. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  Plaintiff cannot, however, obtain injunctive relief because he fails to meet the "'irreducible constitutional minimum of standing'" with respect to the form of relief sought. *Steel Co.*, 523 U.S. at 103-04 (quoting *Lujan*, 504 U.S. at 560-61).

Accordingly, Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 7, 2015**                         **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE