# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No. 1:15-cv-00691-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| SATF PRISONS AD-SEG PROPERTY OFFICERS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

### I. Screening Requirement and Standard

Plaintiff Christopher Lipsey, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2015. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## II. Discussion

### A. Summary of Complaint

Plaintiff is currently incarcerated at California State Prison-Corcoran ("CSP-Corcoran"). He brings this action against Officer Urban, Appeals Coordinators J. Jasso and C. M. Heck, and Doe defendants working in the mailroom at California Substance Abuse Treatment Facility and State Prison ("SATF").  Also named as defendants are Doe property officers employed at CSP-Corcoran.  Plaintiff categorizes his allegations into three claims.  Claim one arises from events at SATF in 2012, and claims two and three arise from events at CSP-Corcoran in 2014.[1]

---

[1] As discussed in subsection D, the unrelated claims are not properly joined in one action but since none of the claims are viable, the Court will provide Plaintiff with notice of the deficiencies and an opportunity to amend.  Whether any claims will be subject to severance by future order will depend on which claims are pled in the amended complaint and which of those pled are viable.

On February 7, 2012, Plaintiff was transferred from SATF to Pelican Bay State Prison ("PBSP"). Before his transfer, he had been trying to obtain redress from a vendor for a defective television. However, Officer Urban failed to ensure that the prison mailroom sent Plaintiff's television back to the vendor in time for Plaintiff to receive reimbursement for it. Although Plaintiff notified the vendor in advance, it took months for Officer Urban to collect the television from Plaintiff and give it to the mailroom. Plaintiff told Officer Urban that all he had to do was check the television and call the vendor to verify it was defective, but Urban "decided to do it his way." (Doc. 1, Comp., p. 3.) Plaintiff was informed that the mailroom received the television on January 18, 2012, and it was to be returned by Officer Garcia. Plaintiff followed up on February 22, 2012, from PBSP and he thereafter submitted an inmate appeal. Plaintiff alleges that he spent more than three years trying to resolve the issue through the appeals process and state court proceedings.

Next, Plaintiff alleges that on September 11, 2014, he was transferred from PBSP to the Security Housing Unit ("SHU") at CSP-Corcoran to finish his SHU term in a mental health program. After arriving, a counselor informed Plaintiff that he should not have been transferred because of pending issues at PBSP. Plaintiff responded that his appeal had been granted and he was to be excluded from PBSP housing due to mental health issues. Plaintiff subsequently experienced a mental health related episode that led to his hospitalization. While Plaintiff was in the hospital, his property was sent back to PBSP. Following his release, Plaintiff submitted numerous request forms regarding his property informing staff that he needed his property because he had a pending legal deadline. On October 21, 2014, Plaintiff engaged in a two-day hunger strike and filed an inmate appeal. As a result, he finally received his legal property on or around November 15, 2014, which gave him only five days to prepare his petition for filing.

In addition, during the course of being transported to PBSP and then back to CSP-Corcoran, numerous items of Plaintiff's property were disposed of, lost, or damaged. Plaintiff received compensation for his CD player, pictures, and tumbler, but his attempt to obtain redress for his defective television and missing CDs was thwarted. Plaintiff alleges that his television

now works but there are problems with it, possibly caused by the long period of time it traveled by bus up and down the state.

### B. Events at SATF - Claim One - Due Process and Equal Protection

Section 1983, the statute under which this suit was brought, provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff alleges that Officer Urban's failure to ensure that the mailroom sent his television back to the vendor, and mailroom staff's failure to send it back, violated his rights to due process and equal protection. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974), but the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy, *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Instead, the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). Here, the delay in returning Plaintiff's television to the vendor does

not give rise to a viable claim under section 1983. To the extent this event is even subject to characterization as a property deprivation, it was an unauthorized one and as Plaintiff has an adequate post-deprivation remedy under California law for personal property loss, his attempt to pursue a claim under federal law fails as a matter of law. *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

Next, Plaintiff lacks a protected liberty interest with respect to the inmate appeals process and his dissatisfaction with the appeals process, including the length of time the process took and/or how his appeals were resolved does not give rise to a claim for relief under section 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

Finally, the Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against based on his membership in a protected class or otherwise treated differently than other similarly situated inmates. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Therefore, he fails to state a claim based on denial of equal protection.

### C.     Events at CSP-Corcoran

#### 1.     Claim Two - Access to the Courts

Plaintiff alleges a claim for denial of access to the courts stemming from his inability to access his legal material between September 2014 and mid-November 2014. Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Greene*, 648 F.3d at 1018 (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted);

*Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655. Although Plaintiff alleges that he had a legal deadline and by the time he received his property back from PBSP, he had only five days to file his petition, he sets forth no facts that support a viable claim under section 1983. That Plaintiff merely had much less time to file his petition does not give rise to a constitutional claim. Plaintiff must identify specific facts demonstrating that he suffered an actual injury as a result of these events and he has not done so.

### 2.   **Claim Three – Due Process and Equal Protection**

Plaintiff also alleges a due process violation and an equal protection violation arising out of the transfer of his property to PBSP in September 2014. However, Plaintiff's temporary separation from his personal property is not a constitutional violation; Plaintiff may not pursue a due process claim based on the damage to his television, the loss of his CDs, or the response to his inmate appeals; and Plaintiff has not alleged any facts that demonstrate he was discriminated against. *Hartmann*, 707 F.3d at 1123; *Greene*, 648 F.3d at 1019; *Ramirez*, 334 F.3d 850 at 860. Moreover, Plaintiff's speculative allegation that officers "may have" put his property on the bus to PBSP to retaliate against him for "mock[ing] them" by way of his hospital admission, which circumvented his transfer back to PBSP, does not give rise to a plausible claim for retaliation, in violation of the First Amendment.[2]   (Comp., p. 10.)

### D.   **Claims Improperly Joined in Single Suit**

Plaintiff's complaint fails to state any claims for relief under section 1983. In an abundance of caution, the Court will permit Plaintiff to file an amended complaint. However, Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common

---

[2] Within the prison context, a viable claim of retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff's claims arising from events at CSP-Corcoran in 2012 are not related to his claims arising from events at SATF in 2014, and these unrelated claims may not be litigated in the same action. Because all of the claims are deficient, the Court will permit Plaintiff to amend the claims he believes, in good faith, are viable. If Plaintiff pleads unrelated claims in his amended complaint, the claims will be subject to severance for improper joinder if they are otherwise viable.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, *George*, 507 F.3d at 607, and Plaintiff is cautioned that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 7, 2015**                              **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE