# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No. 1:15-cv-00691-SKO (PC) |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT, EXHIBITS TO FIRST AMENDED COMPLAINT, and SUPPLEMENT TO FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND and DENYING PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF** |
| v. | |
| SATF PRISONS AD-SEG PROPERTY OFFICERS, et al., | |
| Defendants. | |
| | **(Docs. 18, 19, 20, 21)** |
| | **THIRTY-DAY DEADLINE** |

## INTRODUCTION

**A.     Background**

Plaintiff, Christopher Lipsey, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2015.  On December 8, 2015, Plaintiff's Original Complaint was screened and dismissed with leave to amend for failure to state a claim under § 1983.  (Doc. 17.)  Plaintiff filed the First Amended Complaint on January 7, 2016.  (Doc. 18.)  On February 4, 2016, Plaintiff filed an exhibit to the First Amended Complaint.  (Doc. 19.)  On February 8, 2016, Plaintiff filed a supplement to the First Amended Complaint.  (Doc. 20.)  On March 7, 2016, Plaintiff filed a document entitled "Plaintiff's Second Motion for a Screening Order of Preliminary Injunction, FAC and Supplemental FAC."  (Doc. 21.)

//

As discussed below, the First Amended Complaint ("FAC"), exhibits to the FAC, and the Supplement to the FAC are DISMISSED for violation of Rules 8, 18, and 20 of the Federal Rules of Civil Procedure. Plaintiff may file a second amended complaint of **twenty-five (25) pages or less**, excluding exhibits.

### B. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v.*

*Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a second amended complaint, Plaintiff should make it as concise as possible. He should state which of his constitutional rights he feels were violated by each

Defendant and its factual basis.  Plaintiff need not and should not cite legal authority for his claims in a second amended complaint.  His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage.  If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

### 2. Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party.  However, Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties.  The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make claims related for purposes of Rule 18(a).  All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal.  Plaintiff is cautioned that if he fails to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed.  *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013).  Whether any claims will be subject to severance by future order will depend on the viability of the claims pled in the amended complaint.

### 3. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### 4. Use of Exhibits

While Plaintiff's Original Complaint was only 10 pages long, between his FAC (Doc. 18), his exhibits to the FAC (Doc. 19), and his supplement to the FAC (Doc. 20) his allegations have increased to 65 pages with 141 pages of exhibits.

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint,

each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" to direct the Court to the specific exhibit Plaintiff is referencing. If the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a *prima facie* claim for relief. For screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a second amended complaint, he would do well to simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits.

## DISCUSSION

### A.   Plaintiff's Allegations

Plaintiff is currently incarcerated at California Men's Colony, East ("CMC-E") in San Luis Obispo, California. He originally brought this action against Officer Urban, Appeals Coordinators J. Jasso and C. M. Heck, and Doe defendants working in the mailroom at California Substance Abuse Treatment Facility and State Prison ("SATF") as well as Doe defendants who are property officers employed at California State Prison-Corcoran ("CSP-Cor"). In the FAC, Plaintiff names the following additional prison staff at CSP-Cor: Warden Dave Davey; Librarians Moser, Wymer, and an unknown librarian; Correctional Officer Espindoza (sic); and Appeals Coordinators K. Cribbs, D. Goree, Jr., and A/ Pacillas. In his supplement to the FAC, Plaintiff also identifies "Defendants Property Officer, Magana, Sergeant of Correctional Officer, Mr. Case, and appeals coordinators sued in their official capacity for preliminary injunction and Magana in individual capacity for suit in trial." (Doc. 20, Supp to FAC, p. 10.) However, as to this last group of Defendants, Plaintiff fails to state in which facility they committed the actions he feels violated his rights; which rights he feels they violated;[1] and the factual allegations upon which to evaluate any such claims.

---

[1] Although Plaintiff identifies these persons as defendants under the header "IV. Cause of Action Claim 3: Retaliation," the rest of the page is blank and the next page seeks a preliminary injunction. (Doc. 20, pp. 10-11.)

Given that Plaintiff has expanded his allegations and has submitted numerous exhibits, it appears that following the previous grant of leave to amend, Plaintiff elected to file an amended pleading that expands his allegations to events that have taken place from 2010 through 2015 -- instead of clarifying the claims he originally alleged. This exceeded the leave that was granted.

The Court declines to expend its limited resources to review all of Plaintiff's allegations and exhibits in support of the FAC as Plaintiff has clearly disregarded the Court's prior screening order.[2] In light of his *pro se* status, Plaintiff will again be provided the pleading standards with which he must comply and the legal standards for the claims he appears to allege. He will be granted **one final opportunity** to amend his pleadings within the requirements and standards provided -- which he must do in no more than **twenty-five pages**, excluding exhibits.

### B.     Legal Standards

#### 1.  Statute of Limitations

Prisoners generally have four years from the date the claim accrues to file their action. *See Wallace v. Kato,* 549 U.S. 384, 387–88 (2007) (applicable statute of limitations is California's statute of limitations for personal injury actions; Cal. Civ. Proc. Code § 335.1 (establishing a two-year statute of limitations in § 1983 cases); and California Civil Procedure Code § 352.1(a) (providing a tolling of the statute of limitations for two years for persons imprisoned on a criminal charge). Here, May 6, 2011 is the determinative date regarding the timeliness of Plaintiff's claims. Thus, any claims based on events prior to May 6, 2011, are barred and **should not** be included in a second amended complaint.

#### 2.     Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal

---

[2] For example, Plaintiff includes allegations based on events that occurred at CSP-Cor in 2012 and SATF in 2014 which were found unrelated in the prior screening order. (Doc. 17, 6:18-7:11.)

7

behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

### 3. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is

limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

To assert a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). To state such a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. The complaint should instead "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id*. at 417–418.

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413–4140) (overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2009) (reversed and remanded *Phillips v. Hust,* on qualified immunity grounds without change or discussion of elements for an access to court claim)).

Finally, "[a]lthough prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.*, at

351 (internal quotes and citations omitted).

### 4. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes,* 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief; the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a protected activity, and the conduct must *not* have reasonably advanced a legitimate penological goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted). Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

### 5. Due Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974), but the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy, *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Rather, the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

### 6. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972);

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), see also *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

### 7. **Inmate Appeals**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible.

Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

However, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011).  Such knowledge and acquiescence may be shown via the inmate appeals process where the supervisor was involved in reviewing Plaintiff's applicable inmate appeal and failed to take corrective action so as to allow the violation to continue.  Such involvement in processing or reviewing an inmate appeal based on one incident is necessarily insufficient.  A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).  "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.  The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir.2001).  "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

13

Thus, if a plaintiff complains of actions by prison personnel in an inmate appeal that state a cognizable claim against the prison personnel involved, which is processed or ruled on by a supervisor who fails to take corrective action, a cognizable claim may be stated by showing the supervisor knowingly refused to terminate the acts of his subordinates.

### 8. Injunctive Relief

On March 7, 2016, Plaintiff filed a motion seeking a preliminary injunction requiring prison officials to provide him with law library access and with an electronic appliance (earbuds and a radio) which parallels a request made in the First Amended Complaint.

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

The claims which Plaintiff alleges in this action arise from events which occurred at SAFT and CSP-Cor. Plaintiff is currently housed at CMC-E. Accordingly, Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at CMC-E. Further his requests for injunctive relief to remedy his conditions of confinement at CSP-Cor and SATF were rendered moot on his transfer to CMC-E. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction is denied.

### ORDER

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed with leave to file a second amended complaint within thirty (30) days. Any such second amended complaint shall not exceed **twenty-five (25) pages**, exclusive of exhibits. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of

1  time no later than thirty (30) days from the date of service of this order.

2      Plaintiff must demonstrate in any second amended complaint how the conditions
3  complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v.*
4  *Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms
5  how each named defendant is involved.  There can be no liability under section 1983 unless there
6  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
7  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980);
8  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

9      Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a).  Such a short and
10 plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon
11 which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*
12 *Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be
13 [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555
14 (2007) (citations omitted).

15     Plaintiff is reminded that an amended complaint supercedes the original, *Lacey v.*
16 *Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,
17 2012) (en banc), and must be "complete in itself without reference to the prior or superceded
18 pleading," Local Rule 220.

19     The Court provides Plaintiff with the opportunity to amend to cure the deficiencies
20 identified in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may
21 not change the nature of this suit by adding new, unrelated claims in his first amended complaint.
22 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

23     Based on the foregoing, it is HEREBY ORDERED that:

24     1.    Plaintiff's First Amended Complaint is dismissed, with leave to amend;

25     2.    Plaintiff's request for injunctive relief, filed March 7, 2016, is DENIED;

26     3.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

27     4.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file a
28         second amended complaint curing the deficiencies identified by the Court in this

order or a notice of voluntary dismissal; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 2, 2016**                             /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE