# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> SATF AD-SEG PROPERTY OFFICERS, et al., <br><br> Defendants. | **Case No. 1:15-cv-00691-SKO (PC)** <br><br> **ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** <br><br> **(Doc. 36, 39)** <br><br> **ORDER DIRECTING CLERK OF THE COURT TO CLOSE THE CASE** |

## INTRODUCTION

**A.  Background**

Plaintiff, Christopher Lipsey, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2015.  On December 8, 2015, Plaintiff's Original Complaint was screened and dismissed with leave to amend for failure to state a claim under § 1983.  (Doc. 17.)  In January of 2016, Plaintiff filed the First Amended Complaint, (Doc. 18), an exhibit to the First Amended Complaint (Doc. 19) and a supplement to the First Amended Complaint (Doc. 20).  All of these documents were reviewed as part of the screening of the First Amended Complaint, which was dismissed with leave to amend on September 6, 2016.  (Doc. 29.)  After requesting and receiving multiple extensions of time, Plaintiff filed the Second Amended Complaint ("SAC") which is before the Court for screening.  (Doc. 36.)  For the reasons discussed below, the SAC is DISMISSED without leave to amend and this case will be closed.

1

**B.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Pleading Requirements**

**1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze*

*v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations do not demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). As discussed below, Plaintiff fails to present factual allegations sufficient to state plausible claims for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///

//

# DISCUSSION

## A. Plaintiff's Allegations

This is Plaintiff's third pleading attempt. Plaintiff is currently incarcerated at California Men's Colony, East ("CMC-E") in San Luis Obispo, California. He names Librarians Moser and Doe #1; Property Officers Magana and Urban; Appeals Coordinators Pacillas, Goree, Cribbs, Jasso, and Heck; Officers Hernandez, Doe #2, and Doe #3; Sergeant Case; and Warden Davey as Defendants in the SAC. Plaintiff complains of incidents that occurred while he was housed at California State Prison-Corcoran ("CSP-Cor"). Plaintiff asserts four claims for which he seeks monetary and injunctive relief.

Plaintiff delineates four claims in the SAC. As discussed below, Claims #1-3 fail to state a claim for which relief may be granted under 28 U.S.C. § 1915A(b)(1). Since Plaintiff has had multiple opportunities to amend these claims and has twice previously been given the applicable legal standards (*see* Docs. 17, 29), further amendment would be futile and need not be granted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Though Claim #4 may state a cognizable claim, it is based on events that occurred nearly a year after Plaintiff initiated this action which are unrelated to the claims upon which he initiated this action. This exceeds the leave to amend granted to Plaintiff and seeks improper joinder of a new claim and defendants.[1] Thus, the SAC is properly dismissed without leave to amend, resulting in closure of this case.

## B. Plaintiff's Claims

### 1. Claim #1

In Claim #1, Plaintiff alleges that, in 2011, he repeatedly tried to obtain documents from Librarian Moser and Doe #1, but they were "deliberately indifferent to Plaintiff's access to courts" and that Doe #1 was "deliberately indifferent by not sending him caselaw (sic) when he requested them or scheduling Plaintiff law library access in 2011." (Doc. 36, p. 6.) Plaintiff alleges that "not having the dates he received actual access to the library is preventing Plaintiff from substantiating his tolling claim in Federal court, and is the actual injury." (*Id.*, p. 7.)

---

[1] The Court expresses no opinion as to whether Claim #4 "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)); *see also* Fed. R. Civ. P. 12(b)(6).

4

### a. Deliberate Indifference

Deliberate indifference is the standard for claims under the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Plaintiff's allegations in Claim #1 fail to show that he was exposed to an excessive risk to his health or safety of which the named defendants were aware and disregarded. Inability to access case law or the law library when needed does not amount to an excessive risk to Plaintiff's health or safety. Claim #1 does not state a cognizable deliberate indifference claim under the Eight Amendment.

### b. Access to Courts (Law Library Access)

As stated in both of the prior screening orders in this case, inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Greene*, 648 F.3d at 1018 (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d

at 655.

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds*, Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, (2009)).

Despite having been provided the standards for an access to courts claim on two occasions, Plaintiff fails to state any allegations to discern what type of "Federal" claim he was frustrated from pursuing, or any facts upon which to discern whether his underlying claim was "non-frivolous or arguable." Though he alleges that Librarian Moser and the Doe defendant did not give him case-law or law library access when requested by Plaintiff, this alone is insufficient to show they acted to frustrate his litigation efforts. Nor does Plaintiff allege any remedy that may be awarded but is not otherwise available in a future suit. *Phillips*, 477 F.3d at 1076.

Since Claim #1 is not cognizable, it is dismissed with prejudice.

**2.    Claim #2**

In Claim #2, Plaintiff alleges that Officer Magana, Sgt. Case, and "the three appeal coordinators conspired to retaliate against Plaintiff for filing a 602 and preliminary injunction" in acts that "were carried out from 9-23-14 to 1-22-15." (Doc. 36, p. 8.) As a result, Plaintiff

alleges he was deprived of a TV, "about 5 CDs and other property," but he acknowledges that this "is irrelevant because Plaintiff was reimbursed for them." (*Id.*)

### a. Conspiracy

As quoted above, Plaintiff uses the word "conspired" in Claim #2. However, mere use of that word is insufficient to state a cognizable conspiracy claim.

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. *Id.* at 676-77. "A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). Restraint must be exercised in extending section 1985(3) beyond racial prejudice. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002).

Any conspiracy claim that Plaintiff may have intended to allege is not cognizable as he simply suggests that Officer Magana, Sgt. Case and the three appeals coordinators conspired together. Bare allegations that a group of defendants conspired to harass and/or retaliate against Plaintiff are conclusory at best. *See Iqbal*, 556 U.S. at 678. Further, Plaintiff does not show any racial or class-based invidiously discriminatory animus on the part of any of the defendants.

### b. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. The adverse action need not be a full-fledged independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action. . . ." *Brodheim*, 584 F.3d at 1270. Not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where action taken by the defendant was clearly adverse to the plaintiff. *See e.g. Rhodes*, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); *Bruce v, Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); *Hines v. Gomez*, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); *Pratt*, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); *Valandingham*, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); *Rizzo*, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. "[A] plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2nd 1310, 1314 (9th Cir. 1989) (quoting *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegations relating a chronology of events from which retaliation can be inferred are sufficient to survive dismissal. *See Pratt*, 65 F.3d at 808 ("timing can

properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir.1987).

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Waitson*, 668 F.3d at 1114 (citing *Robinson*, at 569).

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985). "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." *Waitson*, 668 F.3d at 1115 (quotations and citations omitted).

Plaintiff was previously instructed that while he need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The conduct identified by Plaintiff as retaliatory must have been motivated by his engaging in a protected activity, and the conduct must *not* have reasonably advanced a legitimate penological goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted). Thus, mere allegation that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

Plaintiff's mere allegations that Officer Magana, Sgt. Case, and the appeals coordinators retaliated against him for filing a 602 and preliminary injunction, in acts that they "carried out from 9-23-14 to 1-22-15" are insufficient. Though Plaintiff's allegations show protected conduct,

he fails to allege facts to establish *how* these defendants knew that Plaintiff filed a 602 and preliminary injunction; *what* adverse actions Plaintiff believes they took against him which were sufficient to chill a person of ordinary firmness from future First Amendment activities; *how* their adverse acts toward Plaintiff were motivated by animus from Plaintiff having filed a 602 and preliminary injunction; and *why* their acts did not advance legitimate penological goals.

Since Claim #2 is not cognizable, it is dismissed with prejudice.

### 3. Claim #3

In Claim #3, Plaintiff alleges his TV began to malfunction in late 2011 and that he contacted the vendor who said they would reimburse Plaintiff if the officers would "verify it." (Doc. 36, pp. 9-10.) Plaintiff told Officer Urban this "for many months before he finally decided to take the TV to the mailroom" to be returned to the vendor, even though Plaintiff showed Officer Urban the paper which said all he had to do was call the vendor and verify the TV was damaged. (*Id.*) Plaintiff states that "the state has not provided an adequate remedy." (*Id.*) Plaintiff further alleges Appeals Coordinators Jasso and Heck conspired to deprive Plaintiff a TV "by their circumvention during appeals." (*Id.*)

#### a. Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Despite twice having been advised of these standards, Plaintiff's allegations show no basis to find that his difficulty getting correctional personnel to contact the vendor about his damaged TV was the result of an authorized deprivation of his property. Rather, his allegations

reveal that it was either a negligent or an unauthorized intentional deprivation. In this circumstance, California law provides an adequate post-deprivation remedy for Plaintiff's loss and he therefore may not pursue a due process claim arising out of the unlawful confiscation of his personal property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§810-895). It is noteworthy that Plaintiff has apparently already received a post-deprivation remedy since, in Claim #2, he states that he was reimbursed for his "TV, about 5 CD's and other property." (Doc. 36, p. 8.)

Finally, as in Claim #2, any conspiracy claim that Plaintiff might have intended to allege is not cognizable as he does little more than suggest that Officer Urbano and Appeals Coordinators Jasso and Heck conspired together. Bare allegations that a group of defendants conspired to harass and/or retaliate against Plaintiff are conclusory at best. *See Iqbal*, 556 U.S. at 678. Plaintiff also does not show any conspiratorial racial or class-based invidiously discriminatory animus on the part of any of the defendants in this claim.

Since Claim #3 is not cognizable, it is dismissed with prejudice.

### 4. Claim #4

In Claim #4, Plaintiff alleges that on March 27, 2016, Officer Hernandez and Doe #2 escorted him to his cell. (Doc. 36, pp. 11-13.) At the door of his cell, Plaintiff kicked off his shoes as required by prison procedures. (*Id*.) In doing so, Plaintiff lost his balance. (*Id*.) Officer Hernandez was mad at Plaintiff for previously ridiculing Officer Doe #2 (for making a mistake when Officer Doe #2 had previously alleged Plaintiff had some contraband, but none was found after "an extensive strip search in front of a dozen individuals"). (*Id*.) While Plaintiff was off balance at his cell door, Officer Hernandez "used the opportunity of Plaintiff's off-balance movement to claim Plaintiff pulled him in the cell and assaulted him." (*Id*.) Officer Hernandez threw Plaintiff into the cell and Officer Hernandez "and the Does" punched Plaintiff for about two minutes. (*Id*.) Plaintiff was able to put the handcuffs in front of his face for protection, but still suffered "a busted nose and a black eye." (*Id*.) Plaintiff also alleges in this claim that Warden "Davey didn't have these officer[s] properly trained and failed to investigate the

incident." (*Id.*) For the reasons set forth above, Plaintiff may not proceed with Claim #4 in this action.

### a. Scope of Leave to Amend

First and foremost, the SAC is the first time that Plaintiff named Officer Hernandez as a defendant in this action. The allegations of excessive force against Officer Hernandez and the Doe officers are also not factually related to any of the other claims that Plaintiff has heretofore been proceeding on in this action. When leave to amend was granted, Plaintiff was expressly prohibited from changing the nature of this suit by adding new, unrelated claims in his amended pleading. (Doc. 17, p. 7; Doc. 29, p. 15 (both citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints)). Claim #4 is unrelated -- both by factual allegations and defendants named therein -- to Plaintiff's other claims. This exceeds the leave to amend Plaintiff was granted in this case.

### b. Improper Joinder

Plaintiff was also previously placed on notice that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Claim #4 is wholly unrelated to Claims #1-3. Plaintiff's injuries alleged in each "are distinct and independent from one another, and [he] has not alleged any legal relationship between them." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015). Dismissal, rather than severance of improperly joined claims/parties is proper only if prejudice to Plaintiff will not result when a prejudice analysis is conducted, including whether "loss of otherwise timely claims

1  if new suits are blocked by statutes of limitations." *Id.* (quoting *DirecTV, Inc. v. Leto*, 467 F.3d
2  842, 846-47 (3d Cir.2006); *ref Elmore v. Henderson*, 227 F.3d 1009, 1011-13 (7th Cir.2000)
3  ("The judge could and should have allowed [plaintiff's] claims against [a co-defendant] to
4  continue as a separate suit so that it would not be time-barred.")).  Claim #4 should be severed if
5  Plaintiff would be barred by the statute of limitations from bringing it in a new action.  If
6  however, it would not be time-barred, it need not be severed and dismissal is proper.

### c. Statute of Limitations

The applicable statute of limitations starts to run upon accrual of the Plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which usually occurs on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994).  Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law).  Though the term of Plaintiff's sentence is not known, the limitations period for his claims would not differ if he were serving a term of life with the possibility of parole, as that is considered a term of less than life.  *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998).  Further, in California "[l]imitations are tolled during period of imprisonment of persons sentenced to life imprisonment."  Cal. Civ. Proc. Code § 352.1, note (West Ann. 2017) (2. Construction and application) (citing *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601, 70 Cal.Rptr. 458 (1968) (reversed dismissal on demurrer based on statute of limitations of action brought by inmate sentenced to a life term roughly nine years after precipitating incident,)); *see also Brooks v. Mercy Hosp.*, 1 Cal.App.5th 1, 6-7 (2016) (finding ". . . *Grasso* remains good law.")

Thus, Plaintiff has a minimum of four years from the date of the incidents at issue in Claim #4 to file suit. Plaintiff alleges that the subject events for Claim #4 occurred barely a year ago: "on or about 3-27-16." (Doc. 36, p. 11.) Thus, Claim #4 need not be severed, since Plaintiff is not time-barred from bringing it in a new action.

## **CONCLUSION**

Despite repeatedly having been provided the requisite legal standards for Claims #1-3, Plaintiff fails, and appears unable, to state cognizable claims thereunder. Thus, further amendment would be futile and need not be granted. *Akhtar*, 698 F.3d at 1212-13. Plaintiff improperly attempted to join Claim #4 against Officers Hernandez and Doe #2. This claim is dismissed without prejudice since Plaintiff is not time-barred from bringing it in a new action.

Accordingly, it is **HEREBY ORDERED** that:

1. the Second Amended Complaint, filed on October 11, 2016, is **DISMISSED without leave to amend**;
2. the motion Plaintiff filed on January 30, 2017, (Doc. 39) and his motion for injunctive relief which was attached to the Second Amended Complaint (*see* Doc. 36, pp. 15-82), are disregarded since moot; and
3. the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **April 20, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE